IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Bobby Seabrooks, | ) | Civil Action No.: 1:05-2713-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| David R. Thomason, DMD, PC, and | ) | |
| David R. Thomason, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on plaintiff's motion to remand. The court has reviewed the record and the memoranda of counsel. For the reasons set forth below, the court determines that remand is appropriate.

Plaintiff, a South Carolina citizen, sued the defendants, Georgia citizens, alleging dental malpractice. The claims arose out of an alleged violation of the applicable standard of care while performing a tooth extraction procedure on August 29, 2002, which allegedly resulted in damages to the plaintiff. Plaintiff originally filed this action in the Court of Common Pleas, Allendale County, South Carolina, on August 23, 2005. Defendants were served on August 24, 2005. On September 19, 2005, the defendants removed the action based upon diversity jurisdiction. Plaintiff filed a motion to remand on September 29, 2005. Plaintiff's counsel filed a stipulation stating that the amount in controversy does not exceed $75,000.00. The stipulation further states that at no time will the plaintiff move to amend the complaint to seek an amount in excess of $75,000.00, and the plaintiff further agrees that she will not attempt to collect on any judgment rendered in excess of $75,000.00 in the event a verdict is rendered exceeding this amount.

The sole issue before the court is whether the $75,000.00 amount in controversy requirement

of diversity jurisdiction is met. Plaintiff asserts that the stipulation is determinative. Defendants filed a memorandum in opposition. Defendants argue that the amount in controversy must be determined at the time the action is commenced and that a post-removal stipulation regarding the amount in controversy cannot destroy diversity jurisdiction.

The court notes that the removal statute is to be strictly construed and doubts resolved in favor of remanding the case to state court. Mulcahey v. Columbia Organic Chem Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994); McGraw v. FD Services, Inc., 811 F.Supp. 222, 223 (D.S.C. 1993). The burden is on the defendants to prove a case was properly removed. Mulcahey, 29 F.3d at 151; Bennett v. Bally Mfg. Corp., 785 F.Supp. 559, 560 (D.S.C. 1992); Hinks v. Associated Press, 704 F.Supp. 638 (D.S.C. 1988). Although the precise nature of defendants' burden " is a subject of much controversy," Gafford v. General Electric Co., 997 F.2d 150, 155 (6th Cir. 1993), the court finds that it need not resolve this issue because under any standard of proof, the court is convinced that plaintiff's stipulation reveals that the court lacks subject matter jurisdiction.

As a general rule, the amount in controversy in an action which is removed based on diversity of citizenship should be measured " at both the time of commencement [of the action in state court] and the time of removal." Sayers v. Sears, Roebuck and Co., 732 F.Supp. 654, 656 (W.D.Va.1990); Griffin v. Holmes, 843 F.Supp. 81, 87 (E.D.N.C. 1993). A corollary of this rule is that the plaintiff in such an action may not defeat diversity jurisdiction by filing a post-removal amendment of the complaint which reduces the amount of damages requested by the complaint below the amount in controversy required by 28 U.S.C. § 1332(a). St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938).

The court finds that St. Paul is not controlling in this case. Plaintiff's complaint seeks an unspecified amount of "actual and punitive damages in an amount determined fair and reasonable by a jury [and] for such additional and further relief this court deems just and proper." Complaint, at 2. The court finds the reasoning of Cole v. Great Atlantic & Pacific Tea Co., 728 F.Supp. 1305 (E.D.Ky. 1990), a case with facts similar to the present one, to be persuasive:

> Unlike the [Saint Paul] scenario, [the plaintiff's] subsequent stipulation did not have the effect of changing the information on which [the defendant] relied, but instead providing the information for the first time. The practical result is that when faced with a complaint effectively silent as to damages, the defendant should make an independent inquiry as to the extent of damages or run the risk of remand when the plaintiff, as here, provides that information . . . . This rule conforms with [Saint Paul] as it applies only when the complaint does not state a removable case, not when a plaintiff files an action that is removable and then changes the status of the case to defeat removal.

Id. at 1309.

Although the Fourth Circuit Court of Appeals has not addressed the issue, there are numerous decisions supporting the Cole decision. See Angus v. Shiley, Inc., 989 F.2d 142, 145 n.3 (3d Cir. 1993); Asociacion Nacional v. Dow Quimica, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994); Ferguson v. Wal-Mart Stores, Inc., C/A No. 4:94-2696-22, 1994 WL 653479 (D.S.C. Nov. 15, 1994); Griffin v. Holmes, 843 F.Supp. 81, 88 (E.D.N.C. 1993); Workman v. Kawasaki Motors Corp., 749 F.Supp. 1010 (W.D.Mo. 1990); Dirosa v. Grass, 1994 WL 583276 *1 (E.D.La. Oct. 19, 1994); but see In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992).

The court finds itself in agreement with the decisions characterizing a post-removal stipulation regarding the amount in controversy as a clarification permitted, not forbidden, by St. Paul. Applying the principle to the present case, the court accepts the plaintiff's stipulation stating that the

3

total amount of damages sought in the complaint is no more than $75,000.00.

Because the plaintiff's post-removal clarification is permissible and should be given effect, it is clear that the jurisdictional amount cannot be satisfied. "[I]f plaintiff has alleged only a small amount of damages or it is otherwise obvious that the jurisdictional amount under § 1332(a) cannot be satisfied, the court must dismiss the case outright for lack of jurisdiction." Shanaghan v. Cahill, 58 F.3d 106, 112 (4th Cir. 1995). Thus, this court concludes it lacks subject matter jurisdiction over this case.

Accordingly, the action is remanded to the Court of Common Pleas, Allendale County, South Carolina. A certified copy of this Order of remand shall be mailed by the Clerk of this court to the Clerk of the Court of Common Pleas, Allendale County, Fourteenth Judicial Circuit of South Carolina.

**IT IS SO ORDERED**.

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

April 6, 2006
Florence, South Carolina